IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIDNEY NAIMAN and <br> DEBORAH SCHICK, <br> on behalf of plaintiffs and all others <br> similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOHEALTH, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> 20-cv-424 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Sidney Naiman and Deborah Schick bring this action against Defendant GoHealth, LLC,, to stop Defendant's practice of making phone calls to cellular telephones using an automated telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and to obtain redress for all persons injured by its conduct.

### JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1337 (commerce) and 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is located in this District.

### PARTIES

4. Plaintiffs Sidney Naiman and Deborah Schick are individuals who reside in

Arizona.

5. Defendant GoHealth, LLC is a limited liability company organized under the law of Delaware with principal offices at 214 West Huron St., Chicago, IL 60654.

**THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227**

6. Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

7. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

8. Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today.

9. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG's office receives and also does not include the millions of unreported calls.

10. In an effort to curb these unwanted calls, the TCPA regulates, inter alia, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the

absence of an emergency or the prior express consent of the called party.

11. In 2012, the FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

## FACTS

12. Plaintiff Sidney Naiman is the subscriber to cellular telephone number XXX-XXX-6443. Plaintiff Deborah Schick is an authorized user on Sidney Naiman's account. Plaintiff Sidney Naiman pays the cell phone bills.

13. The number is a residential number, used primarily for nonbusiness purposes.

14. The number has been listed on the national "do not call" list since prior to January 1, 2019.

15. GoHealth, LLC operates a call center, where automated equipment is used to place large numbers of telemarketing calls. The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

16. On April 19, 2019, Plaintiffs received an automated call from Defendant. Ms. Schick answered the call. She said hello several times, without response, after a pause she heard a click, and then was connected to a live person who tried to sell her various insurance plans.

17. This sequence of events is characteristic of an automatic telephone dialing system.

18. Plaintiff Schick thereafter received an email from Defendant.

19. Plaintiffs have not consented to the receipt of any calls from Defendant.

20. Plaintiffs have not provided their cell phone number to Defendant.

21. By calling Plaintiffs, Defendant caused Plaintiffs and the putative class members

actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and Plaintiffs' statutory right of privacy was invaded.

22. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

23. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

24. The calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendant and are made on a repeat basis without consent.

25. Defendant either negligently or willfully violated the rights of plaintiff and other recipients in placing the calls.

## COUNT I – TCPA

26. Plaintiffs incorporate by reference paragraphs 1-25.

27. Defendant made unsolicited automated calls to cellular telephone numbers belonging to Plaintiffs and other members of the class without their prior express consent.

28. By making unsolicited calls to Plaintiffs and the class members, using an automated dialing system and without prior express consent, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii).

29. Plaintiffs and each class member are entitled to statutory damages.

30. Plaintiffs and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory rights of privacy

was invaded.

## CLASS ALLEGATIONS

31. Plaintiffs bring this claim pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and 23(b)(3) on behalf of a class.

32. The class consists of: (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls from Defendant GoHealth, LLC, on their cell phones, (d) placed using an automated dialer or a pre-recorded or artificial voice.

33. The exact number of class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, based on the fact that Defendant maintains a call center, Defendant has made automated telephone calls to more than 40 persons who fall into the definition of the class. Class members can be identified through Defendant or its agent's records.

34. Plaintiffs' claims are typical of the claims of other members of the class, in that Plaintiffs and the class members sustained damages arising out of Defendant's uniform wrongful conduct, including the making of unsolicited telephone calls.

35. Plaintiffs will fairly and adequately represent and protect the interests of the class, and has retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the class members, and Defendant has no defenses unique to Plaintiffs.

36. There are questions of law and fact common to the claims of Plaintiffs and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

    a.    Whether the equipment Defendant used to place the calls in question was

        an automatic telephone dialing system as defined by the TCPA;

    b.    Whether Defendant systematically made automated calls to persons without prior express consent to receive such telephone calls;

    c.    Whether class members are entitled to treble damages based on the willfulness of Defendant's conduct.

37.    Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class members and against Defendant for:

      a.      Statutory damages, 47 U.S.C. § 227(b)(3);

      b.      An injunction restraining the conduct complained of;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                        /s/ Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

      Plaintiffs hereby demand that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiffs. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

      /s/ Daniel A. Edelman
      Daniel A. Edelman

T:\36652\Pleading\Complaint dae_Pleading.WPD